### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1845, AT NORTHAMPTON

### [CONTINUED FROM VOLUME IX.]

. PRESENT ·

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. SAMUEL S. WILDE,
HON. CHARLES A. DEWEY, } JUSTICES.
HON. SAMUEL HUBBARD,

---

## HARRIS BARTHOLOMEW, JR. *vs.* DANIEL M. CHAPIN & another.

The intervening rent and damages, which a lessee, on appealing from the judgment rendered by a justice of the peace, in the process given to a lessor by Rev. Sts. *c.* 104, recognizes to pay to the lessor, in case of final judgment for him, include nothing more than the rent at the stipulated rate, and interest thereon.

DEBT on a recognizance, entered into by Daniel M. Chapin and Frederick Chapin, before Josiah Hooker, Esq. one of the justices of the peace within and for the county of Hampden. The condition of the recognizance was as follows : " Whereas the said Harris Bartholomew, jr. at a court held before the said Hooker, on the 23d day of November, A. D. 1841, recovered judgment against the said Daniel M. Chapin, for possession of a certain tenement and messuage, situated in the village of Cabotville, in the town of Springfield, and for costs of suit, from which judgment the said Daniel M. has made an appeal

to the next court of common pleas," &c.  " Now, if the said Daniel M. shall enter said action and appeal at said court of common pleas, and prosecute the same with effect, and pay all rent now due for said tenement and messuage, and all intervening rent, damages and costs, then the above written recognizance to be void; otherwise, to abide in full force."

At the trial in the court of common pleas, before *Merrick*, J. it appeared that the plaintiff had leased to Daniel M. Chapin the tenement and messuage mentioned in the condition of the recognizance, and that said Daniel M. held possession of the demised premises, without right, after the determination of the lease; that the plaintiff proceeded against him, before the justice mentioned in said recognizance, as allowed by the Rev. Sts. *c.* 104, §§ 2, 4; and that the plaintiff, on the appeal mentioned in the recognizance, recovered judgment against said Daniel M. for possession of said premises, and for costs.

The plaintiff offered to prove, in addition to the amount of rent due by the terms of the lease, 1st, that in consequence of the wrongful detention of the premises by the said Danie M., the plaintiff was greatly damaged by having lost the sale thereof; 2d, that said Daniel M. greatly injured the premises while they were in his occupation; 3d, that the manner of occupation was such, while said Daniel M. detained them wrongfully, that the use of them, in that manner, was worth more than an occupation in the manner prescribed in the lease; and 4th, that the occupation of the premises, during the wrongful detention, was worth more than the rent agreed on in the lease.   This evidence was rejected by the judge, and the plaintiff alleged exceptions.

*R. A. Chapman*, for the plaintiff.

*Boise*, for the defendants.

DEWEY, J.   The question raised upon the exceptions, in the present case, is as to the construction of the Rev. Sts. *c.* 104, § 10.   The general object of this chapter is to make the proper enactments in cases of forcible entry and detainer. Connected with this, however, is a provision for cases in which the lessee of any lands or tenements shall hold pos-

session thereof without right, after the determination of the lease. Section 10 provides that in such cases, when proceedings have been instituted, and the defendant appeals from the decision of the justice of peace, or the case is transferred to the court of common pleas at his request, "he shall recognize to the plaintiff, with sufficient surety or sureties, not only to enter the action, but also to pay all rent then due, and all intervening rent, damages and costs ; and in case of final judgment for the plaintiff, all such rent, damages and costs may be recovered upon a writ of *scire facias* upon the recognizance, or in an action of debt thereon." The case before us falls within the provisions of this section, and the further inquiry is, what the plaintiff is entitled to recover under these provisions. Under the term "damages," the plaintiff claims remuneration for loss sustained by reason of his being prevented from making sale of the premises ; also for injury to the same by an improper manner of occupation ; also to recover, for the use and occupation, a rent greater than at the rate of the stipulated rent, upon showing that the use of the premises was reasonably worth more than such sum.

Taking the term "damages" in the broadest sense which the word would authorize, it might well embrace the various claims set up by the plaintiff. But the term "damages," as used in this connexion with costs, is not a word of recent introduction into our statutes. It is found in the earlier statutes giving appeals and requiring recognizances. The form of the recognizance required by *St.* 1783, *c.* 42, § 6, was "to pay all intervening damages and costs." It has been considered that the word "damages," thus used, added nothing to the liability of the recognizor. See 12 Pick. 119, 120. It is often introduced in cases where it could create no additional charge or liability ; as in cases of appeals by *a plaintiff*, under the statute just cited ; or as it was provided in the landlord and tenant act of 1825, *c.* 89, § 2. In the Rev. Sts. *c.* 104, the provision that the plaintiff shall recognize to pay all "damages," when he takes the appeal, is

omitted.   As to defendants it is retained ; and to some extent may, perhaps, have a practical application to them ; as that of including the interest accruing on the debt, or upon the rent due and unpaid.   But, as it seems to us, the word " damages " was not here introduced with a view of embracing claims of the character now presented.   We are the more confirmed in this opinion, from the consideration that all the reasons, which exist for requiring security against future damages of the kind now sought to be recovered, would apply, with equal if not greater force, to the case of a party who was holding out the true owner by means of a forcible entry or forcible detainer.   Yet it will be seen, that no provision exists for the security of the plaintiff as to damages on an appeal taken by the defendant in such cases.

It seems to us, that the true construction of this statute must be, that the proceedings under it are for a limited purpose, and that the damages, intended to be secured by the recognizance, are restricted in their character ; that it is at the election of the party to proceed by a writ of entry, or by summary process before a justice of the peace ; that it is the former only which lays the foundation ·for a recovery of all damages caused by the illegal detention ; that in proceedings under the statute for forcible entry or detainer, only possession of the premises and the costs of suit are recovered ; that in the case of one instituting this process as landlord, the rent is to be secured by the recognizance, if the defendant appeals, and intervening damages, by way of interest on the rent ; the rent, however, to be computed at the same rate as was stipulated by the terms of the lease.   If other damages, beyond rent at the rate stipulated by the parties, and interest thereon, be claimed, the manner of enforcing such claims must be by instituting a writ of entry, which will open the inquiry in reference to damages in the fullest manner.

The ruling of the court of common pleas was therefore correct, and the exceptions are overruled.